■ EDDIE BROWN, III, Appellant, v SEARS ROEBUCK AND CO. et al., Respondents. [736 NYS2d 671] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered June 5, 2000, which, inter alia, granted the cross motion of defendant City of New York for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff seeks to recover against the City for false arrest, false imprisonment and malicious prosecution. At the time of plaintiff's arrest, the arresting officer was in possession of information provided by Sears Roebuck and Co. demonstrating, without contradiction, that plaintiff, while employed by defendant Sears Roebuck, had utilized a credit card number, without authorization from the holder of the subject credit card, to

place an order for a computer, and that, according to the order form filled out by plaintiff, the computer was to be picked up by an individual named Freeman. The arresting officer had also ascertained that a coworker of plaintiff's named Al Freeman had been arrested and charged with utilizing his position as a Sears Roebuck sales associate to commit, inter alia, grand larceny through unlawful use of a credit card. Because these undisputed circumstances would have led a reasonable person to conclude that it was "more probable than not" that a crime had been committed by plaintiff, the motion court properly determined as a matter of law that there was probable cause to support plaintiff's arrest (*see, Parkin v Cornell Univ.*, 78 NY2d 523, 529; *and see, People v Mercado*, 68 NY2d 874, 877, *cert denied* 479 US 1095). In view of the fact that there was probable cause to support plaintiff's arrest, and of the fact that the predicate for plaintiff's arrest did not dissipate at any relevant point, plaintiff's claims against the City were properly dismissed (*see, Broughton v State of New York*, 37 NY2d 451, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929). Concur—Tom, J.P., Sullivan, Rosenberger and Buckley, JJ.