*79 OPINION OF THE COURT
Per Curiam.
Order entered November 4, 2002 reversed, with $10 costs, motion denied, and complaint reinstated.
This malicious prosecution action, commenced in Supreme Court in July 1996, stems from allegations, inter alia, that the nonmunicipal defendants, a research foundation and its employee, Palacios (hereinafter collectively referred to as defendants or foundation defendants), provided police with false information which led to the arrest and ultimately unsuccessful prosecution of plaintiff on trespass and related charges.
The litigation has taken a circuitous procedural path, summarized as follows. Plaintiff’s claims against the municipal defendants, the City of New York and the two arresting police officers, proceeded to trial in November of 2000, resulting in a defense verdict predicated upon a jury finding that the police had probable cause for plaintiff’s arrest. In ensuing motion practice, the foundation defendants argued that the doctrine of collateral estoppel should serve to bar plaintiffs malicious prosecution claim against them because the issue of probable cause was previously resolved against plaintiff in the context of the jury trial involving the municipal defendants. By order dated August 29, 2001, Supreme Court (Richard Braun, J.) rejected the foundation defendants’ collateral estoppel argument, noting the absence of the requisite element of an identity of issues. As Justice Braun put it, “Although the [City] Defendants may have had probable cause for [Plaintiffs] arrest . . . that does not mean that the [foundation] Defendants may not have maliciously prosecuted Plaintiffi ], because those Defendants’ actions were different than those of the [City] Defendants.” A second trial was then held in June 2002, this time involving the plaintiff’s claims against the foundation defendants. Upon declaring a mistrial, the court (Louise Gruner Gans, J.) transferred the case to Civil Court pursuant to CPLR 325-d. Defendants thereafter moved for summary judgment dismissing the complaint, based solely upon the identical collateral estoppel argument advanced by them during the earlier motion practice before Justice Braun in Supreme Court. In the order now under review, Civil Court adopted the defendants’ collateral estoppel theory and granted their motion for summary judgment dismissal. Plaintiff now appeals, and we reverse.
Even assuming, in the foundation defendants’ favor, that the statements made by Justice Braun in his August 29, 2001 order *80 constitute dicta and are not entitled to preclusive effect under the law of the case doctrine (see Pollicino v Roemer & Featherstonhaugh, 277 AD2d 666 [2000]; but cf. Trump Vil. Section 3 v New York State Hous. Fin. Agency, 307 AD2d 891, 895 [2003], lv denied 1 NY3d 504 [2003]), we agree with Justice Braun on the merits that the doctrine of collateral estoppel is inapplicable to bar relitigation of the central issue of probable cause “since only the City’s liability for malicious prosecution, not [the foundation defendants’] liability was at issue and decided in the prior [jury] determination.” (Brown v Sears Roebuck & Co., 297 AD2d 205, 209 [2002].) As the Brown court stated in closely analogous circumstances,
“a probable cause finding as to one entity does not compel such a finding as to the other where the facts and circumstances known to each defendant may be different. For instance, assuming, as plaintiff contends, that false information given by [Palacios] ([a foundation] employee) contributed to the [police officers’] decision to arrest the plaintiff, in those circumstances only the City, not [the foundation defendants], may be said to have acted with probable cause.” (Id.)
Inasmuch as defendants relied exclusively on the inapplicable doctrine of collateral estoppel in moving for summary judgment below, without addressing the sufficiency of plaintiffs showing as to the other required elements of a malicious prosecution cause of action, a summary disposition of the matter is unwarranted.
Suarez, P.J., McCooe and Davis, JJ., concur.