Order, Supreme Court, New York County (Paul G. Feinman, J.), entered January 30, 2008, which, in an action arising out of a physical altercation between plaintiff Sandy LoFaso and defendant Crowe, two adult tenants of a housing development, on the development’s grounds, insofar as appealed from as limited by the briefs, granted the motion by the development’s owner, defendant Metropolitan Life Insurance Company (Met Life), and its security division and officers, for summary judgment dismissing as against them the causes of action for false arrest, malicious prosecution, defamation, intentional infliction of emotional distress, and loss of consortium, unanimously affirmed, without costs.
LoFaso’s claims are based on allegations that Crowe, an off-duty police officer, was the aggressor, and that Met Life and its security officers failed to investigate the incident and importuned the police to arrest him. The claims for false arrest and *426 malicious prosecution lack merit as probable cause existed to arrest and prosecute LoFaso (see Martinez v City of Schenectady, 97 NY2d 78, 84, 85 [2001]; Burns v City of New York, 17 AD3d 305 [2005]). Such probable cause is shown by the criminal complaint that was sworn out by the arresting police officer, which avers that LoFaso was arrested and charged with assault based on Crowe’s statement to the arresting officer that LoFaso had punched him in the jaw causing a serious physical injury that required hospital admission (see Iorio v City of New York, 19 AD3d 452 [2005]). Furthermore, there is no evidence that anyone from Met Life accused LoFaso of anything, let alone affirmatively induced or importuned the officer to arrest him (see Oszustowicz v Admiral Ins. Brokerage Corp., 49 AD3d 515, 516 [2008]); indeed, the security officer’s report identified Crowe as the assailant. Even assuming, arguendo, that Met Life supplied “false” information to the police (i.e., that it omitted from the incident report that Crowe had shown his badge to a Met Life security guard and told the latter to “lose” him in the building), these omissions would not undermine the finding of probable cause, given no evidence that the alleged omissions contributed to the decision to arrest LoFaso (see Brown v Sears Roebuck & Co., 297 AD2d 205, 210 [2002]).
LoFaso’s other causes of action also lack merit. The defamation cause of action was properly dismissed for failure to set forth the particular words complained of (CPLR 3016 [a]), and indeed it is only on the appeal that LoFaso advances, for the first time, that he was defamed by the “summary” prepared by Met Life personnel. In any event, it appears that this “summary” was an internal memorandum that was never published to LoFaso’s neighbors; to the extent LoFaso claims that he was defamed by the statement that he was arrested for assault, truth provides a complete defense (see Silverman v Clark, 35 AD3d 1, 12 [2006]); and to the extent LoFaso claims that he was defamed by the statement that Crowe sustained “a broken jaw,” Crowe reasonably believed that he had sustained a broken jaw based on the fact that he had received treatment for a jaw injury at the hospital and, although a fracture was ruled out, he was discharged with a diagnosis of malocclusion status-post trauma and internal jaw derangement. The claim for intentional infliction of emotional distress does not allege conduct that could be considered beyond all possible bounds of decency or utterly intolerable (see Brown, 297 AD2d at 212); in any event, there being no evidence that any omissions or false statements by Met Life personnel to the police played any role in the decision to arrest LoFaso, no issue of fact is raised as to the existence of a causal connection between Met Life’s allegedly outrageous *427 conduct and LoFaso’s injury (see id.). LoFaso’s complaint fails to allege that Met Life violated his civil rights, and any such claim would in any event be without merit. Dismissal of LoFaso’s claims required dismissal of his wife’s claim for loss of consortium. Concur—Saxe, J.P., Sweeny, Moskowitz, Acosta and Richter, JJ.