17-186-cv
Buckley v. AlliedBarton Sec. Servs., LLC, et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand eighteen.

PRESENT:  GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*,
          CHRISTINA REISS,
                  *District Judge*.*

------------------------------------------------------------------

NATHANIEL J. BUCKLEY,

                  *Plaintiff-Appellant*,

                  v.                                    No. 17-186-cv

ALLIEDBARTON SECURITY SERVICES, LLC,
ADAM REES, JACQUELINE M. JACKSON,

                  *Defendants-Cross-Claimants-
                  Cross-Defendants-Appellees*,

NIAGARA FRONTIER TRANSPORTATION

---

* Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

AUTHORITY, MANUFACTURERS & TRADERS TRUST COMPANY, RICHARD RUSSO, individually and in his official capacity as Niagara Frontier Transportation Authority police officer, ADAM BRODSKY, individually and in his official capacity as Niagara Frontier Transportation Authority police officer, GEORGE GAST, individually and in his official capacity as Niagara Frontier Transportation Authority police chief, DAVID MONDRY,

*Defendants-Cross-Claimants-Cross-Defendants*.**

-----------------------------------------------------------------

FOR APPELLANT:             JAMES OSTROWSKI, Buffalo, NY.

FOR APPELLEES:             James H. Cosgriff III, Petrone & Petrone, P.C., Williamsville, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Nathaniel J. Buckley appeals from a judgment of the District Court (Telesca, J.) granting summary judgment in favor of the defendants.  Buckley's sole argument on appeal is that genuine disputes of material fact exist as to his common law malicious prosecution claim against Adam Rees, Jacqueline M.

** The Clerk of Court is directed to amend the official caption as set forth above.

2

Jackson, and their employer AlliedBarton Security Services, LLC ("AlliedBarton"). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Under New York law, "[t]he elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice." De Lourdes Torres v. Jones, 26 N.Y.3d 742, 760 (2016) (quotation marks omitted). The failure to establish a single element defeats the malicious prosecution claim. Brown v. Sears Roebuck & Co., 746 N.Y.S.2d 141, 145 (1st Dep't 2002).

We do not need to decide whether Rees and Jackson commenced the prosecution by making false statements to law enforcement authorities. See De Lourdes Torres, 26 N.Y.3d at 760. Summary judgment was appropriate because even without reference to the alleged false statements, the authorities had probable cause to initiate and continue the proceeding against Buckley. See Brown, 746 N.Y.S.2d at 147 (holding that false statements made by a civilian

3

defendant did not vitiate probable cause because "probable cause existed for plaintiff's arrest without any reference to the alleged statements"). Statements by Jackson and video recordings of the incident adequately establish probable cause for the trespass charge. Indeed, Buckley concedes that he was standing on property that Rees and Jackson (correctly) believed to be private property when he and his fellow protesters were directed to leave the area. Accordingly, we assign no error to the District Court's grant of summary judgment on Buckley's common law malicious prosecution claim against Rees, Jackson, and AlliedBarton.

We have considered Buckley's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court