Trujillo v Transperfect Global, Inc. (2018 NY Slip Op 06204)





Trujillo v Transperfect Global, Inc.


2018 NY Slip Op 06204


Decided on September 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2018

Friedman, J.P., Kapnick, Kahn, Oing, JJ.


7110 654442/16

[*1]Roy Trujillo, Plaintiff-Appellant,
v
Transperfect Global, Inc., et al., Defendants-Respondents.


Law Offices of Jason L. Abelove, Garden City (Jason L. Abelove of counsel), for appellant.
Kruzhkov Russo, PLLC, New York (Martin P. Russo of counsel), for Transperfect Global, Inc. and Transperfect Translations International Inc., respondent.
Kramer Levin Naftalis & Frankel LLP, New York (Jared I. Heller of counsel), for Elizabeth Elting, respondent.



Order, Supreme Court, New York County (Anil C. Singh, J.), entered March 9, 2017, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiff's claims for (1) breach of contract regarding certain "Phantom Stock," (2) intentional infliction of emotional distress, and (3) violation of Labor Law § 195(1), without leave to replead, unanimously affirmed, without costs.
The court properly held that the unsigned document, which contained handwritten dollar amounts and calculations, with no indication of their meaning or anyone's consent to them, was unenforceable. Thus, it cannot serve as a written contract for the basis of enforcing plaintiff's alleged claim to increases of his "Phantom Stock" value. Moreover, plaintiff alleges that he is entitled to any increases in value of this stock in perpetuity, based on the 2013 agreement. However, as defendants' alleged continuing liability to plaintiff for such increases would necessarily extend beyond 2013, General Obligations Law § 5-701(a)(1) requires that any such agreement be in writing, as it cannot be performed in one year. As no sufficient writing exists, the court properly dismissed this cause of action without leave to replead.
The court also properly dismissed plaintiff's claim for intentional infliction of emotional distress, as plaintiff's allegations of wrongdoing by defendant Elting do not evince conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (Murphy v American Home Prods. Corp. , 58 NY2d 293, 303 [1983][internal quotation marks omitted]; see also Brown v Sears Roebuck & Co. , 297 AD2d 205, 212 [1st Dept 2002]). At best, plaintiff's allegations demonstrate only "mere insults, indignities and annoyances," and "the fact that we view the alleged conduct as being deplorable and reprehensible does not necessarily lead to the conclusion that it arose to such a level that the law must provide a remedy" (Leibowitz v Bank Leumi Trust Co. of N.Y. , 152 AD2d 169, 182 [2d Dept 1989]). Nor do the allegations collectively rise to that level.
Finally, the court properly dismissed plaintiff's claim based on Labor Law § 195(1), as plaintiff has offered no support for the retroactive application of that statute to himself. He was hired eleven years before the statute became effective, and such retroactive application is not warranted (see Gold v New York Life Ins. Co. , 730 F3d 137, 143-144 [2d Cir 2013]).
We have examined plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 25, 2018
CLERK