Rubin v Di Dimatteo (2023 NY Slip Op 05380)

Rubin v Di Dimatteo

2023 NY Slip Op 05380

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Kern, J.P., Singh, Gesmer, Scarpulla, O'Neill Levy, JJ. 

Index No. 154295/20 Appeal No. 896 Case No. 2023-01608 

[*1]Burton Rubin, Plaintiff-Appellant,
v
Francesca Di Dimatteo, Defendant-Respondent.

Max D. Leifer, P.C., New York (Max Leifer of counsel), for appellant.
Law Offices of Steven D. Isser, New York (Steven D. Isser of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered March 23, 2023, which, inter alia, granted defendant's motion for partial summary judgment dismissing the malicious prosecution claim, unanimously affirmed, without costs.
The court properly granted defendant's motion for partial summary judgment and dismissed the malicious prosecution claim. Plaintiff failed to demonstrate that defendant initiated or continued the criminal proceeding against him (Vizcaino v City of New York, 201 AD3d 538, 538 [1st Dept 2022]; Brown v Sears Roebuck & Co., 297 AD2d 205, 208 [1st Dept 2002]). The record demonstrates only that defendant provided information to police and signed a supporting deposition. She did not call the police; rather, plaintiff did. Defendant also did not implore prosecutors to continue the prosecution (id. at 209). Plaintiff cites no evidence that shows that defendant knowingly provided false information; in fact, he testified that he was not aware of any false statement she made to prosecutors or the court (Du Chateau v Metro-North Commuter R.R., 253 AD2d 128, 131 [1st Dept 1999]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023