■ JAMES MAXFIELD DUHE, an Infant, by His Father and Natural Guardian, JOSEPH JAMES DUHE, III, et al., Appellants, v HORACIO J. MIDENCE, Defendant, and THE NEW YORK TIMES et al., Respondents. [852 NYS2d 68]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 31, 2006, which, to the extent appealed from as limited by the briefs, granted the motion of defendant New York Times upon reargument and the cross motion of the two

other corporate defendants for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Defendant Tri-State entered into a contract with the Times to distribute the latter's newspapers. Defendant Midence had an independent contract with Tri-State, giving him sole responsibility and control over the manner and means of delivering the papers. Tri-State did not exercise sufficient control over the actual delivery process to raise a triable issue of fact as to whether it was vicariously liable for Midence's acts (*Marino v Vega*, 12 AD3d 329 [2004]). The record reveals nothing more than general supervisory control, which cannot be the basis for imposing liability against any of the corporate defendants for the acts and omissions of the independent contractor (*id.*; *see also Santella v Andrews*, 266 AD2d 62 [1999], *lv denied* 94 NY2d 762 [2000]). Concur—Andrias, J.P., Nardelli, Williams, McGuire and Acosta, JJ.