■ Maureen Meyer, Appellant, v Henry K. Kumi, Defendant, and Turtle Pond Publications LLC et al., Respondents. [918 NYS2d 450]—

The evidence demonstrates that defendants did not control the method and means of defendant Henry Kumi's work, but exercised, at most, general supervisory powers over him, which is insufficient to subject them to tort liability for his acts (*see Goodwin v Comcast Corp.*, 42 AD3d 322 [2007]). Kumi selected and owned the vehicle he used, obtained the insurance for it, and generally maintained it. He was free to work for others, did

not receive health insurance or any other fringe benefits from defendants, and was not on defendants' payroll (*see Bynog v Cipriani Group*, 1 NY3d 193, 198 [2003]). Defendants withheld neither Social Security nor other taxes from his pay, and issued him 1099 forms, as opposed to W-2 forms. Defendants did not require Kumi to wear a uniform and did not instruct him as to the manner in which he drove. Both Kumi and defendants considered Kumi an independent contractor, and defendants purposefully treated him as an independent contractor to limit their liability.

Even if Kumi drove exclusively for defendants, that fact does not raise a triable issue whether defendants exercised a sufficient degree of control over his work to impose liability on them. Nor is it availing that Kumi worked for defendants for a long time or that he was paid "generously." Concur—Tom, J.P., Saxe, Friedman, Sweeny and Abdus-Salaam, JJ.