■  HEATHER McCANN, Appellant, v VARRICK GROUP LLC, Respondent. [923 NYS2d 471]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered April 15, 2010, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Supreme Court properly granted defendant's motion insofar as it was premised upon defendant's vicarious liability for the security guard's conduct, because the security guard was an independent contractor. The record amply supports the finding that the "degree of control exercised by the purported employer" (*Bynog v Cipriani Group*, 1 NY3d 193, 198 [2003]), "not only over the results produced but also over the means used to produce the results" (*Matter of O'Brien v Spitzer*, 7 NY3d 239, 242 [2006]), was insufficient to give rise to an employer-employee relationship.

We are also not persuaded by plaintiff's argument that she submitted evidence demonstrating a question of fact as to whether the security guard was an employee. Even were we to find a question of fact as to the security guard's employment status, under the doctrine of respondeat superior, defendant was still not liable for the guard's conduct. Based on the undisputed facts, the security guard's act of lifting plaintiff onto a bar for the purpose of seeing if she could pop a balloon by sitting on it constitutes a "clear departure" from the scope of his purported employment (*N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251 [2002]; *see Sims v Bergamo*, 3 NY2d 531, 535-536 [1957]).

We reject plaintiff's contention that a background check of the security guard would have revealed his propensity to engage in the subject conduct. In the circumstances of this case, "[a]n employer is under no duty to inquire as to whether an employee has been convicted of crimes in the past" (*Yeboah v Snapple, Inc.*, 286 AD2d 204, 205 [2001]). The security guard's past conviction, as a minor, of accessory to kidnapping, bears no rela-

tion to a propensity to commit the conduct which caused the injury here (see Pinkney v City of New York, 52 AD3d 242, 243 [2008]; Detone v Bullit Courier Serv., 140 AD2d 278, 279-280 [1988], lv denied 73 NY2d 702 [1988]). Concur—Tom, J.P., Saxe, Catterson, Moskowitz and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 30863(U).]**