Lawrence Bizjak, Appellant/Third-Party Plaintiff-Appellant, v Gramercy Capital Corp. et al., Respondents. GKK Capital, L.P., et al., Third-Party Defendants-Respondents. [944 NYS2d 57]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered April 29, 2011, which, insofar as appealed from, granted defendants' motions for summary judgment dismissing the Labor Law article 6 claim, accounted stated claim, breach of contract claims as against defendants GKK Manager LLC (GKK) and SL Green Realty Corp. (SLG), and indemnification claims against defendant Gramercy Capital Corp. (Gramercy), and granted third-party defendants' motion for summary judgment dismissing the third-party complaint, unanimously affirmed, with costs.

Gramercy, a real estate investment trust, and plaintiff entered into an oral agreement in March 2005, pursuant to which Gramercy retained plaintiff to originate, underwrite, and close loan investments at an hourly rate of $250. In June 2005, plaintiff formed Solaris Group Ltd., a Nevada-based company, and began submitting invoices on Solaris' name and directed Gramercy to wire his compensation to Solaris' bank account. Gramercy paid plaintiff pursuant to the invoices submitted, but did not withhold any taxes or social security. Gramercy also never issued plaintiff a W-2 form during the $2^{1}/_2$ years he provided services to Gramercy. Moreover, plaintiff testified that he would withdraw money from the Solaris account as loans; that he did not report the compensation as income on his personal income tax returns, which reflect his occupation as a consultant; and that he did not file tax returns on Solaris' behalf. Although he claims that he has since amended his personal tax returns to reflect the income received, the amended returns submitted are neither dated nor signed. On his last day with Gramercy in September 2007, plaintiff submitted unpaid invoices and a reconciliation statement. In April 2008, when Gramercy had not yet paid him, he commenced this action seeking to recover unpaid wages in excess of $900,000.

The court properly dismissed plaintiff's Labor Law article 6 wage claim, as the evidence established that plaintiff was an independent consultant and not an employee of Gramercy.

Plaintiff argues that, aside from the nontraditional payment structure, the oral agreement contemplated that he was to be treated as an employee. In showing that Gramercy exercised control over his manner of work, he states that Gramercy required him to be in the office by a set time; required his attendance at weekly meetings; required prior approval before he could take vacation; closely supervised, edited, and revised his written work product; prohibited him from engaging in other employment; applied the offices' policies to him; and provided him with a trading desk, office support, supplies, computer equipment, and business cards with Gramercy's name on it. Plaintiff's claim fails inasmuch as some of the requirements imposed on him are conditions "just as readily required of an independent contractor as of an employee and not conclusive as to either" (*Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor]*, 15 NY3d 433, 438 [2010] [internal quotation marks omitted]), and his remaining contentions of control are unsupported by the record, which shows that Gramercy exerted only general supervisory control over plaintiff, which is insufficient to establish an employment relationship (*see Meyer v Kumi*, 82 AD3d 514 [2011]; *Lazo v Mak's Trading Co.*, 199 AD2d 165 [1993], *affd* 84 NY2d 896 [1994]).

Moreover, it is undisputed that plaintiff did not receive fringe benefits, was not on any of defendants' payrolls, and was paid only after submitting invoices (*see Bynog v Cipriani Group*, 1 NY3d 193 [2003]; *Goodwin v Comcast Corp.*, 42 AD3d 322, 323 [2007]). The way plaintiff was paid and the parties' tax treatment of the relationship, in addition to the foregoing considerations, establish that plaintiff was an independent contractor of Gramercy (*see Meyer*, 82 AD3d at 515; *Gagen v Kipany Prods., Ltd.*, 27 AD3d 1042 [2006]).

The court also properly dismissed the account stated claim on the ground that Solaris, not plaintiff in his individual capacity, billed Gramercy (*see Brown Rudnick Berlack Israels LLP v Zelmanovitch*, 11 Misc 3d 1090[A], 2006 NY Slip Op 50800[U] [2006]). Nor may plaintiff assert a claim in his individual capacity to recover funds on behalf of an injured corporation (*see Matter of Spear, Leeds & Kellogg v Bullseye Sec.*, 291 AD2d 255 [2002]).

Plaintiff's breach of contract claims against GKK and SLG were properly dismissed. Plaintiff entered into the oral agreement with Gramercy, and GKK and SLG were formed as separate entities for legal and legitimate business purposes. Gramercy has not submitted any evidence showing that Gramercy used GKK or SLG to commit fraud or other inequity

so as to permit piercing the corporate veil (*see Credit Suisse First Boston v Utrecht-America Fin. Co.*, 80 AD3d 485, 488 [2011]).

Plaintiff's claims seeking indemnification against Gramercy and the third-party defendants for his defense of Gramercy's counterclaims also fail. He claims indemnification under Gramercy's bylaws, the Business Corporation Law, and an amended and restated management agreement, which all permit indemnification of directors and officers of Gramercy under certain circumstances. However, plaintiff has not submitted any evidence demonstrating that he was a director or officer of Gramercy. To the extent he argues indemnification as an agent of GKK under the amended and restated management agreement, even if he could be deemed an agent, the agreement does not contain clear language permitting indemnification against Gramercy where Gramercy brought counterclaims to recover against plaintiff (*see Tonking v Port Auth. of N.Y. & N.J.*, 2 AD3d 213, 214 [2003], *affd* 3 NY3d 486 [2004]). Concur—Tom, J.P., Andrias, DeGrasse, Richter and Román, JJ.