■ CAMILA NOUEL et al., Appellants, v 325 WADSWORTH REALTY LLC et al., Respondents, et al., Defendants. [977 NYS2d 217]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered October 2, 2012, which, insofar as appealed from, granted the motion of defendants 325 Wadsworth Realty LLC (325) and Solar Realty Management Corp. (Solar) for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.

Dismissal of the negligent hiring, retention, and supervision

claims was proper in this action for injuries sustained as a result of defendant Jose Rivera's sexual assault upon the infant plaintiff. Rivera was the porter for the building owned by 325 and managed by Solar, and was hired based upon a recommendation made by the building's former superintendent. Plaintiffs' reliance upon the fact that Rivera was a registered sex offender is unavailing, since "[a]n employer is under no duty to inquire as to whether an employee has been convicted of crimes in the past" (*Yeboah v Snapple, Inc.*, 286 AD2d 204, 205 [1st Dept 2001]), and the record is devoid of an indication that defendants had knowledge of Rivera's propensity for such conduct (*see Detone v Bullit Courier Serv.*, 140 AD2d 278 [1st Dept 1988], *lv denied* 73 NY2d 702 [1988]).

Contrary to plaintiffs' contention, constructive notice that Rivera harbored dangerous sexual proclivities may not be imputed upon 325 and Solar on the basis that Rivera had set up a playroom in the building's basement, particularly since Rivera worked in the building and had young children of his own (*see Ostroy v Six Sq. LLC*, 100 AD3d 493, 494 [1st Dept 2012]). Nor is plaintiffs' reliance upon Rivera's termination from his former employer availing, because even if 325 and Solar knew that Rivera was fired for insubordination based upon his reckless driving, this does not constitute notice of his tendency for sexual assault (*see McCann v Varrick Group LLC*, 84 AD3d 591 [1st Dept 2011]).

Given defendants' lack of notice, plaintiffs' negligence claim was also properly dismissed insofar as it was based upon premises liability. Furthermore, this claim, although couched as a premises liability claim, is merely duplicative of the negligent hiring, retention, and supervision claims (*see generally Vermont Mut. Ins. Co. v McCabe & Mack, LLP*, 105 AD3d 837, 838-839 [2d Dept 2013]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Feinman, JJ. **[Prior Case History: 2012 NY Slip Op 32506(U).]**