■ TARA N.P., Respondent, v WESTERN SUFFOLK BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Also Known as WESTERN SUFFOLK B.O.C.E.S., Respondent, and COUNTY OF SUFFOLK et al., Appellants, et al., Defendants. [15 NYS3d 162]—

Motion by the plaintiff-respondent for leave to reargue an appeal from an order of the Supreme Court, Suffolk County, dated August 3, 2012, which was determined by decision and order of this Court dated September 17, 2014, to amend the decision and order of this Court by deleting the award of costs to the appellants, or for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the branches of the motion which are to amend the decision and order of this Court by deleting the award of costs to the appellants and for leave to reargue the appeal are granted to the extent that the decision and order of this Court dated September 17, 2014 (*Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs.*, 120 AD3d 1323 [2014]), is recalled and vacated, and, upon reargument, the following decision and order is substituted therefor, and the motion is otherwise denied.

In an action to recover damages for personal injuries, the defendants County of Suffolk, Suffolk County Department of Social Services, and Suffolk County Department of Labor appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated August 3, 2012, as denied those branches of their motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendants North Amityville Community Economic Council, also known as N.A.C.E.C. (hereinafter NACEC), and Western Suffolk Board of Cooperative Educational Services, also known as Western Suffolk B.O.C.E.S. (hereinafter BOCES), had an agreement whereby BOCES would offer educational programs at NACEC's facility. NACEC leased its facility from Suffolk County in return for NACEC offering vocational training to members of the community. NACEC also agreed to be a work site for the Suffolk Works Employment Program, or "SWEP," a "welfare to work" program administered by the defendant Suffolk County Department of Labor (hereinafter the Department of Labor). The Department of Labor would refer a potential worker to NACEC for an interview and determination of whether to accept the candidate for SWEP participation at NACEC's work site. Under the terms of the agreement, NACEC would not accept any candidate who had a criminal record. The executive director of NACEC testified at her deposition that she interviewed candidates referred by the Department of Labor, and that she did not ask any candidate whether he or she had a criminal background because it was the executive director's understanding that the Department of Labor had been aware that NACEC would not accept any candidate with a criminal background.

The defendant Larry I. Smith was referred to NACEC despite his designation as a level three sex offender. NACEC's executive director testified that the Department of Labor did not inform anyone at NACEC, including herself, of Smith's criminal record. She interviewed Smith and accepted him as a maintenance worker. While working at NACEC's facility, Smith sexually assaulted the plaintiff, who, at the time, was on the premises to attend a GED course offered by BOCES.

The plaintiff commenced this action to recover damages for personal injuries against, among others, the County, the Suffolk County Department of Social Services, and the Department of Labor (hereinafter collectively the appellants), Smith, NACEC, and BOCES. The appellants moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the Supreme Court denied those branches of their motion.

The Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. "Government action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general" (*McLean v City of New York*, 12 NY3d 194, 203 [2009]). A special duty is "a duty to exercise reasonable care toward the plaintiff," and is "born of a special relationship between the plaintiff and the governmental entity" (*id.* at 199 [internal quotation marks omitted]; *see Pelaez v Seide*, 2 NY3d 186, 198-199 [2004]). This special relationship "can be formed in three ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (*Pelaez v Seide*, 2 NY3d at 199-200; *see McLean v City of New York*, 12 NY3d at 199).

The second category, voluntary assumption of a duty, requires a showing of four elements: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *see McLean v City of New York*, 12 NY3d at 201).

Here, the appellants established, prima facie, their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them on the ground of governmental immunity by demonstrating that they did not voluntarily assume a special duty to the plaintiff (*see McLean v City of New York*, 12 NY3d at 201; *Pelaez v Seide*, 2 NY3d at 199-200; *Lauer v City of New York*, 95 NY2d 95, 100-101 [2000]; *Cuffy v City of New York*, 69 NY2d at 260; *see also Miller v State of New York*, 62 NY2d 506, 513 [1984]; *Nouel v 325 Wadsworth Realty LLC*, 112 AD3d 493, 494 [2013]). Furthermore, the plaintiff does not allege that the appellants violated any statutory duty, and the appellants established that they did not assume positive direction and control in the face of a known, blatant, and dangerous safety violation (*see Pelaez v Seide*, 2 NY3d at 199-200). The opposition papers failed to raise a triable issue of fact. The

plaintiff's alternate theories of liability, including that the appellants could be liable in their proprietary role as a landlord, do not allow her to avoid the attachment of governmental immunity, as the essential act complained of, i.e., that the County negligently referred Smith to NACEC, was a governmental act (*see Kadymir v New York City Tr. Auth.*, 55 AD3d 549, 551-552 [2008]). Accordingly, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

However, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing all cross claims insofar as asserted against them. "[A] defendant may seek contribution from a third party even if the injured plaintiff has no direct right of recovery against that party, either because of a procedural bar or because of a substantive legal rule. A contribution claim can be made even when the contributor has no duty to the injured plaintiff. In such situations, a claim of contribution may be asserted if there has been a breach of a duty that runs from the contributor to the defendant who has been held liable" (*Raquet v Braun*, 90 NY2d 177, 182 [1997] [internal citations omitted]). Here, the appellants agreed not to refer anyone to NACEC who had a criminal background. Nonetheless, Smith, who was a level three sex offender, was referred to NACEC by the appellants. Under these circumstances, there is a triable issue of fact as to whether the appellants breached a duty of care to NACEC and, therefore, that branch of the appellants' motion which was for summary judgment dismissing all cross claims insofar as asserted against them was properly denied.

In light of the foregoing, we need not reach the appellants' remaining contentions. Dillon, J.P., Hall, Miller and Hinds-Radix, JJ., concur.