■ ANNE M. SERBY, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents, et al., Defendant. [20 NYS3d 629]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered July 30, 2014, as granted that branch of the motion of the defendants New York City Department of Education, City of New York, and Riva W. Madden, also known as Riva W. Smith, which was for summary judgment dismissing the complaint insofar as asserted against them, and denied her cross motion for summary judgment on the issue of liability against the defendants New York City Department of Education, City of New York, and Riva W. Madden, also known as Riva W. Smith.

Ordered that the order is affirmed, with costs.

In support of that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, the defendants New York City Department of Education, City of New York, and Riva W. Madden, also known as Riva W. Smith (hereinafter collectively the city defendants), established prima facie, that they did not owe the plaintiff a special duty under the "public duty rule" (*Valdez v City of New York*, 18 NY3d 69, 75 [2011]; *see Brumer v City of New York*, 132 AD3d 795 [2015]; *Tara N.P. v Western Suffolk Bd. of Coop.*

*Educ. Servs.*, 131 AD3d 517, 519 [2015]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's allegations, even if true, would not give rise to a special duty (*see Pelaez v Seide*, 2 NY3d 186, 203-204 [2004]; *Abraham v City of New York*, 39 AD3d 21, 28 [2007]; *cf. Smullen v City of New York*, 28 NY2d 66 [1971]). Accordingly, the Supreme Court properly granted that branch of the city defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Further, inasmuch as the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law on her cross motion, the Supreme Court properly denied the cross motion.

In light of our determination, we need not address the city defendants' contentions as to governmental immunity. Balkin, J.P., Hall, Duffy and LaSalle, JJ., concur.