JAMES MCLAUGHLAN, Appellant-Respondent, v BR GUEST, INC., et al., Respondents-Appellants, et al., Defendants. (And a Third-Party Action.) [62 NYS3d 92]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered January 22, 2016, which, inter alia, granted that part of the motion for summary judgment dismissing the complaint and all cross claims as against defendants BR Guest, Inc., B.R. Guest, LLC, B.R. Guest Holdings, LLC, 675 Hudson, LLC, and 675 Hudson Vault, LLC (collectively BR Guest), and

denied that part of the motion for summary judgment dismissing the complaint as against defendant Hall Hanson, unanimously modified, on the law, to the extent of dismissing the complaint and all cross claims as against Hanson, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

In this action where plaintiff alleges that he was assaulted by defendant James DiPaola on the sidewalk in front of BR Guest's bar, Supreme Court properly granted BR Guest's motion for summary judgment on the issue of whether it is vicariously liable for plaintiff's injuries. The record establishes that DiPaola, a security guard, was an independent contractor when the incident occurred (see *McCann v Varrick Group LLC*, 84 AD3d 591 [1st Dept 2011]). The evidence shows that DiPaola was not on BR Guest's payroll, did not receive health insurance or other fringe benefits, and that BR Guest contracted for his services as a security guard from defendant Presidium, LLC (see *Meyer v Kumi*, 82 AD3d 514 [1st Dept 2011]).

The record reveals nothing more than general supervisory control, which cannot form the basis for imposing liability against BR Guest or Hanson, who was the vice president of BR Guest Inc., for plaintiff's injuries sustained as a result of DiPaola's assault (see *Duhe v Midence*, 48 AD3d 244 [1st Dept 2008], *lv denied* 11 NY3d 706 [2008]). The fact that BR Guest decided the number of security guards needed on a particular night and where on the premises the guards should be posted at any given time, and gave them instructions relating to the manner in which they performed their work does not render the security guards working at the premises special employees (see e.g. *Vargas v Beer Garden, Inc.*, 15 AD3d 277 [1st Dept 2005], *lv denied* 4 NY3d 710 [2005]). Moreover, the individual in charge of security of all BR Guest's locations testified that he could not fire a security guard because they did not work for him, and that he would speak with Presidium when necessary to report that BR Guest was not happy with a particular guard.

BR Guest and Hanson may also not be held liable for plaintiff's injuries pursuant to the nondelegable duty exception to keep the bar safe, because minimal security precautions were taken to protect those patronizing the premises from foreseeable criminal acts of third parties by contracting with Presidium to have its security guards maintain order. There is also no evidence of any indicators of an escalating situation between plaintiff and DiPaola such that it could be said that BR Guest and Hanson were aware of the disturbance or that BR Guest's managers could have anticipated it because it is

undisputed that the entire incident lasted no more than several minutes (*see Languilli v Argonaut Rest. & Diner*, 232 AD2d 375 [2d Dept 1996]).

Contrary to plaintiff's contention, BR Guest and Hanson are entitled to summary judgment even though it appears that they violated Administrative Code of City of NY § 27-525.1 (e) by not obtaining proof that DiPaola was a registered security guard as required by General Business Law § 89-g and keeping a record of it, because such negligence was not a proximate cause of the incident since it could have occurred in the same manner if they were in compliance with the statute (*see e.g. Sheehan v City of New York*, 40 NY2d 496, 503 [1976]). Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.