Rivera v 11 W. 42 Realty Invs., L.L.C. (2019 NY Slip Op 07699)





Rivera v 11 W. 42 Realty Invs., L.L.C.


2019 NY Slip Op 07699


Decided on October 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2019

Friedman, J.P., Kapnick, Oing, Singh, JJ.


300823/12 10192 10191

[*1] Humberto Rivera, Plaintiff-Respondent,
v
11 West 42 Realty Investors, L.L.C., et al., Defendants-Appellants, American Construction, Inc., et al., Defendants. [And Third-Party Actions.]
Humberto Rivera, Plaintiff-Respondent,
v
11 West 42 Realty Investors, L.L.C., et al., Defendants, NTT Services, LLC, et al., Defendants-Respondents. [And Third-Party Actions.]


Tromello & Fishman, Tarrytown (Silvia C. Souto of counsel), and
O'Toole Serivo, New York (Sean Callahan of counsel), for 11 West 42 Realty Investors, L.L.C. and Tishman Speyer Properties, L.P., appellants.
Russo & Toner LLP, New York (Marie A. Castronuovo of counsel), for NTT Services, LLC and Pritchard Industries, Inc., appellants.
Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph III of counsel), for respondent.



Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered on or about January 19, 2018, which denied defendants 11 West 42 Realty Investors, L.L.C. and Tishman Speyer Properties, L.P.'s motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly. Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered on or about December 27, 2017, which denied defendants NTT Services, LLC and Pritchard Industries, Inc.'s motion for summary judgment dismissing the complaint and cross claims against them, unanimously affirmed, without costs.
Defendants 11 West 42 and Tishman established prima facie that they did not cause, create or have actual or constructive notice of the one-time unsafe condition in the elevator when plaintiff was injured (see Kalish v HEI Hospitality, LLC, 114 AD3d 444, 445 [1st Dept 2014]). Although it cannot be determined from the record who placed the counter tops in the elevator, there is no evidence that it was either 11 West 42 or Tishman. None of the witnesses testified [*2]that either of these defendants played any role in loading, unloading or placing construction materials in the elevator. In addition, numerous witnesses testified that they had no knowledge of complaints or accidents related to construction materials in the elevator.
Plaintiff's testimony that the person who instructed the elevator operator to remove the materials from the elevator worked for the building is speculative and appears to be based solely on the fact that the person was wearing a uniform. Moreover, plaintiff acknowledged that he did not know if the person was employed as a maintenance or cleaning worker.
Plaintiff also failed to raise an issue of fact whether 11 West 42 or Tishman exercised more than general supervisory control over the conduct of the elevator operator, who was employed by Pritchard Industries (see Duhe v Midence, 48 AD3d 244 [1st Dept 2008], lv denied 11 NY3d 706 [2008]). Under the contract, Pritchard and NTT Services had control over the conduct of their employees in the performance of the contractual obligations, not 11 West 42 or Tishman, and there is no evidence that 11 West 42 or Tishman supervised those workers.
NTT and Pritchard failed to establish prima facie that they did not launch a force or instrument of harm in failing to exercise reasonable care in performing their duties or that pursuant to contract they did not entirely displace 11 West 42 and Tishman's duty to maintain the premises safely (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). The record shows that plaintiff was permitted by Pritchard's employees to ride in the elevator when it was filled with unsecured construction materials. The elevator operator, a Pritchard employee, testified that the elevator was not supposed to carry heavy loads between 8 a.m. and 6 p.m. without the permission of his supervisor, which he did not obtain, and the relief operator, also a Pritchard employee, testified that persons were not permitted in an elevator when it was carrying construction materials.
As to the scope of their contractual duties, the contract gave NTT full responsibility for the operation of the elevators. While some witnesses testified that 11 West 42 and Tishman imposed certain rules for the transport of heavy loads, NTT and Pritchard failed to show that 11 West 42 and Tishman had more than general supervisory control over the elevator.
NTT and Pritchard failed to establish that they are entitled to the summary dismissal of the cross claim for contractual indemnification. While Tishman is expressly covered by the indemnification clause in the contract, issues of fact exist whether 11 West 42 is covered by the indemnification clause, since the contract listed another entity as the owner, and the relationship between the two entities cannot be determined from the record.
In any event, NTT and Pritchard failed to demonstrate that they were free from negligence, since the elevator operator was employed by Pritchard and plaintiff testified that the counter tops were not properly secured in the elevator, which was under the operator's control.
We have considered NTT and Pritchard's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 24, 2019
CLERK