Fambro v City of New York (2022 NY Slip Op 03441)





Fambro v City of New York


2022 NY Slip Op 03441


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Kern, J.P., Oing, Singh, Moulton, Scarpulla, JJ. 


Index No. 151804/14 Appeal No. 16008 Case No. 2021-00164 

[*1]Kaseem Fambro et al., Plaintiffs-Respondents, Phillip Gaynor, Plaintiff-Respondent-Appellant,
v
City of New York et al., Defendants-Respondents, Commissioner Raymond Kelly in his official capacity et al., Defendants, Lewis Foods Doing Business as McDonald's Corporation et al., Defendants-Appellants-Respondents. Gregory Kearse, Nonparty-Appellant-Respondent.


Stonberg Moran, LLP, New York (Carmen L. Borbon of counsel), for Lewis Foods, appellant-respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for Affinita Security Group, Inc and Gregory Kearse, appellants-respondents.
Levine & Gilbert, New York (Richard A. Gilbert of counsel), for Phillip Gaynor, respondent-appellant.
Getz Braverman, PC, Bronx (Michael I. Braverman of counsel), for Kaseem Fambro, respondent.
Law Office of Ellyn I. Bank, P.C., New York (Ellyn I. Bank of counsel), for Darrell Gibbs, respondent.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (MacKenzie Fillow of counsel), for municipal respondents.



Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about December 16, 2020, which, to the extent appealed from as limited by the briefs, denied defendants Affinita Security Group and Gregory Kearse's motion for summary judgment dismissing the assault and battery claims, the false arrest and imprisonment claims asserted by plaintiffs Gibbs and Fambro, and the malicious prosecution claims as against them and the negligent hiring, training, supervision, and retention claims as against Affinita, granted defendant City of New York's motion for summary judgment dismissing plaintiff Gaynor's malicious prosecution claim as against it, and granted defendant Lewis Foods of Times Square's motion for summary judgment dismissing Gaynor's malicious prosecution claim as against it and denied its motion as to the assault and battery, negligent hiring, training, supervision, and retention, and negligence claims against it, unanimously modified, on the law, to grant Affinita and Kearse's motion as to the negligent hiring, training, supervision, and retention claims as against Affinita and to grant Lewis Foods' motion as to the assault and battery, negligent hiring, training, supervision, and retention, and negligence claims, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint against Lewis Foods.
These consolidated actions alleging assault, negligence, negligent hiring and retention, false arrest, and malicious prosecution arise from a physical altercation in a McDonald's restaurant in Times Square at 4 a.m. between plaintiff customers and defendant/nonparty Gregory Kearse, a security guard employed by defendant Affinita, which had contracted with the owner of the restaurant, defendant Lewis Foods, to provide security at the premises. The identity of the primary aggressor is sharply disputed. Accordingly, Kearse is not entitled to the dismissal of the assault and battery claims against him. Affinita, Kearse's employer, is not entitled to the dismissal of the assault and battery claim against it, because an issue of fact exists whether Kearse's actions were within the scope of his duties and in furtherance of Affinita's business (see Fauntleroy v EMM Group Holdings LLC, 133 AD3d 452, 453-454 [1st Dept 2015]; Jones v Hiro Cocktail Lounge, 139 AD3d 608 [1st Dept 2016]; see also Langguth v Bickford's Inc., 297 NY 982 [1948]). However, the assault and battery claims must be dismissed as against Lewis Foods, which the record shows did not exercise sufficient control over Kearse to make it his special employer and therefore cannot be held vicariously liable for any assault or battery committed by him (see Vargas v Beer Garden, Inc., 15 AD3d 277, 278 [1st Dept 2005], lv denied 4 NY3d 710 [2005]; McLaughlan v BR Guest, Inc., 149 AD3d 519 [1st Dept 2017]).
The negligent hiring, training, supervision, and retention claims should be dismissed, as there is no evidence that either Lewis Foods or Affinita [*2]knew that Kearse had any violent propensities or that anything happened to alert them that an assault might take place (see Yeboah v Snapple, Inc., 286 AD2d 204, 205 [1st Dept 2001]; Norris v Innovative Health Sys., Inc., 184 AD3d 471, 472 [1st Dept 2020]). To the extent plaintiff Fambro's negligence claim against Lewis Foods is not duplicative of the negligent hiring and retention claim, it too must be dismissed. Lewis Foods owed no duty to protect Fambro from an assault by Kearse since, given the absence of evidence of an escalating situation preceding the altercation, which lasted only slightly more than a minute, such an assault was unforeseeable and unexpected (McLaughlan, 149 AD3d at 520-521; Kiely v Benini, 89 AD3d 807, 808-809 [2d Dept 2011]).
The court correctly declined to dismiss the false arrest claims asserted by Gibbs and Fambro and the malicious prosecution claims against Affinita and Kearse. Issues of fact exist whether Kearse instigated the physical altercation or was the primary aggressor but falsely told police that plaintiffs had assaulted him (see D'Elia v 58-35 Utopia Parkway Corp., 43 AD3d 976, 978 [2d Dept 2007] [false arrest]; Brown v Sears Roebuck & Co., 297 AD2d 205, 210 [1st Dept 2002] [malicious prosecution]). Whether Kearse failed to tell the police that he had thrown a napkin dispenser because, as he and Affinita contend, he had been struck in the head and "knocked senseless" by one of the plaintiffs merely presents an issue of fact as to whether he falsely told police that plaintiffs had assaulted him.
The court correctly dismissed Gaynor's malicious prosecution claims against the City of New York and Lewis Foods. Lewis Foods' restaurant manager called 911, which is an insufficient basis to impose liability for malicious prosecution (see Du Chateau v Metro-North Commuter R.R. Co., 253 AD2d 128, 131 [1st Dept 1999]). With regard to the City, Gaynor acknowledges that Kearse identified him as an assailant, which Gaynor was required to do to maintain his malicious prosecution claim against Affinita and Kearse. This identification provided probable cause to arrest Gaynor (Kramer v City of New York, 173 AD2d 155, 156 [1st Dept 1991], lv denied 78 NY2d 857 [1991]). Probable cause is a complete defense to Gaynor's malicious prosecution claim (Hernandez v City of New York, 100 AD3d 433 [1st Dept 2012], lv dismissed 21 NY3d 1037 [2013]), even if other avenues of investigation remained open to the police, such as procuring and reviewing surveillance video of the incident (see Colon v City of New York, 60 NY2d 78, 83 [1983]; Roberts v City of New York, 171 AD3d 139, 147-148 [1st Dept 2019], affd 34 NY3d 991 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2022