**Feldman v Duane Reade Inc.**

2024 NY Slip Op 33041(U)

August 28, 2024

Supreme Court, New York County

Docket Number: Index No. 162397/2019

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. ARLENE P. BLUTH**                    PART                    14

*Justice*

-------------------------------------------------------------------------------X

PAMELA FELDMAN,                                        INDEX NO.            162397/2019

                              Plaintiff,               MOTION DATE            N/A

- v -                                                  MOTION SEQ. NO.         001

DUANE READE INC.,WALGREEN CO., WALGREEN
EASTERN CO., INC.,S.E.B. SERVICES OF NEW YORK,         **DECISION + ORDER ON**
INC.,SAFE ENVIRONMENT BUSINESS SOLUTIONS, INC.                **MOTION**

                              Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80

were read on this motion to/for                    SUMMARY JUDGMENT                    .

The motion by defendants Duane Reade Inc., Walgreen Co., and Walgreen Eastern Co., Inc. (collectively, "Duane Reade") for summary judgment dismissing plaintiff's claims against them is granted.

**Background**

This action concerns plaintiff's allegation that she was injured on the sidewalk when a shoplifter ran out of a Duane Reade store and collided with her. Plaintiff testified that on the evening of March 12, 2019, she was walking on Seventh Avenue near Penn Station after seeing a Broadway play when the accident occurred (NYSCEF Doc. No. 59 at 29-30 [plaintiff's depo transcript]). Around 9 or 9:15 p.m., plaintiff says she saw a man stick his foot out and trip another man, who then fell right on top of plaintiff (*id*. at 45, 47-48). She claims she later found out that the man who had stuck his foot out was the security guard for the Duane Reade (*id*. at 50).

[* 1]

Duane Reade seeks summary judgment dismissing plaintiff's claims against it on the ground that the security guard worked for defendants S.E.B. Services of New York, Inc. and Safe Environment Business Solutions, Inc. (collectively, "SEB") and not for Duane Reade. It argues that it cannot be held vicariously liable for the actions of a non-employee and, similarly, plaintiff cannot assert claims for negligent hiring or training against Duane Reade. Duane Reade also argues that because plaintiff never actually went in the store, and was instead merely passing by on the sidewalk, Duane Reade did not owe her a duty of care.

Duane Reade contends that it did not make any personnel decisions regarding the security guards assigned to this particular store and that SEB was an independent contractor of Duane Reade. It insists that SEB was solely responsible for the acts and omissions of its employees.

In opposition, plaintiff argues that Duane Reade is liable for the actions of the security guard and that, at a minimum, there are issues of fact surrounding whether Duane Reade exercises control over SEB's security guards. She insists that Duane Reade owed her a duty of care because "there is an extremely high level of pedestrian traffic on the sidewalks" in Midtown Manhattan. Plaintiff claims it was reasonably foreseeable that tripping a fleeing shoplifter into the sidewalk might result in an injury to a pedestrian outside the store.

Plaintiff characterizes SEB as an agent of Duane Reade and that, therefore, Duane Reade is liable for the actions of its agent. She insists that Duane Reade exercised the requisite level control over the security guards sufficient to raise an issue of fact. Plaintiff claims that Duane Reade mandates that security guards working in its stores do not have any felony convictions, have to pass a drug test and that Duane Reade imposed restrictions on their hourly wages. Plaintiff claims that Duane Reade supervised the security guards and had the ability to hire, fire and train them.

**162397/2019   FELDMAN, PAMELA vs. DUANE READE INC.**
**Motion No.  001**

**Page 2 of 5**

In reply, Duane Reade contends that its contract with SEB explicitly gave SEB the exclusive right to hire, fire and train its employees.

**Discussion**

To be entitled to the remedy of summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853, 487 NYS2d 316 [1985]). The failure to make such a prima facie showing requires denial of the motion, regardless of the sufficiency of any opposing papers (*id.*). When deciding a summary judgment motion, the court views the alleged facts in the light most favorable to the non-moving party (*Sosa v 46th St. Dev. LLC*, 101 AD3d 490, 492, 955 NYS2d 589 [1st Dept 2012]).

Once a movant meets its initial burden, the burden shifts to the opponent, who must then produce sufficient evidence to establish the existence of a triable issue of fact (*Zuckerman v City of New York,* 49 NY2d 557, 560, 427 NYS2d 595 [1980]). The court's task in deciding a summary judgment motion is to determine whether there are bonafide issues of fact and not to delve into or resolve issues of credibility (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 505, 942 NYS2d 13 [2012]). If the court is unsure whether a triable issue of fact exists, or can reasonably conclude that fact is arguable, the motion must be denied (*Tronlone v Lac d'Amiante Du Quebec, Ltee,* 297 AD2d 528, 528-29, 747 NYS2d 79 [1st Dept 2002], *affd* 99 NY2d 647, 760 NYS2d 96 [2003]).

As an initial matter, the Court finds that the instant motion was timely. Although this action was previously assigned to a part that had a 60-day deadline to file dispositive motions, it was reassigned to this part in December 2023. Following the submission of multiple conference

**162397/2019   FELDMAN, PAMELA vs. DUANE READE INC.**
  **Motion No.  001**

**Page 3 of 5**

3 of 5

orders, the note of issue was filed on March 26, 2024. Given that discovery continued and concluded after the case was transferred, this part's rules (which rely upon the 120-day deadline in the CPLR) apply and the instant motion is timely (*c.f.*, *Appleyard v Tigges*, 171 AD3d 534, 536, 98 NYS3d 174 [1st Dept 2019] [applying the dispositive motion deadline of the newly assigned judge where the parties were well aware of the transfer to a new judge and her part rules]).

The main issue in this motion is whether Duane Reade can be held vicariously liable for the actions of the security guard.[1] The Court finds that it cannot and grants Duane Reade's motion. The docket on this motion shows that the security guard was hired and employed by SEB, was not on Duane Reade's payroll, and that Duane Reade contracted for his services from SEB (*McLaughlan v BR Guest, Inc.*, 149 AD3d 519, 520, 52 NYS3d 92 [1st Dept 2017] [discussing the elements of vicarious liability and dismissing claims against a bar owner for the actions of a security guard employed by an independent contractor]).

"The record reveals nothing more than general supervisory control, which cannot form the basis for imposing liability" (*id*.). That Duane Reade allegedly told the security guard where to be posted and gave general instructions is not a basis upon which Duane Reade can be held liable for the actions of security guard (*id*.).

And the fact is that the security service agreement between Duane Reade and SEB explicitly stated that SEB would provide a trained security guard and that SEB would be responsible for paying their salaries (NYSCEF Doc. No. 58, exh A at 1). SEB also contracted to supervise its security guards (*id*.). Moreover, this agreement stated that:

> "[SEB]'s relationship with [Duane Reade] under this Agreement shall be that of an
> independent contractor. [SEB] is to exercise its own discretion on the method and

---

[1] The Court observes that Duane Reade also argued that it owed no duty of care to plaintiff. But that issue is academic in light of the Court's finding about vicarious liability.

**162397/2019   FELDMAN, PAMELA vs. DUANE READE INC.**                          **Page 4 of 5**
  **Motion No.  001**

manner of performing its duties hereunder, and [Duane Reade] shall not exercise control over [SEB] or its employees except insofar as maybe reasonably necessary to ensure performance and compliance with this Agreement. Nothing in this Agreement shall be deemed or construed by the parties hereto or by any third party as creating the relationship of principal and agent, employer and employee or of partnership or of joint venture between the parties hereto" (*id*. ¶ 16).

In other words, there is no way for this Court to find that Duane Reade is vicariously liable for the actions of a third-party security guard employed by an independent contractor and his interaction with a third-party shoplifter where Duane Reade specifically contracted that SEB would place, train, supervise, and pay for these security guards.

Accordingly, it is hereby

ORDERED that defendants Duane Reade Inc., Walgreen Co., and Walgreen Eastern Co., Inc.'s motion for summary judgment is granted and the Clerk is directed to enter judgment accordingly in favor of these defendants and against plaintiff along with costs and disbursements upon presentation of proper papers therefor.

| **8/28/2024** | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**162397/2019   FELDMAN, PAMELA vs. DUANE READE INC.**
**Motion No.  001**

**Page 5 of 5**

5 of 5