EDWARD DUPRE, Respondent, *v.* MARYLAND MANAGEMENT CORPORATION, Appellant, et al., Defendants.

*Per Curiam.* Plaintiff was a guest in the hotel of the corporate defendant. He has recovered damages for an assault committed by one Jones, a bellboy. The trial court found that plaintiff initiated the encounter in which he received his injuries, but that Jones used more than sufficient force to repel an attack by plaintiff, and, therefore, found defendant liable to plaintiff in damages.

We agree with the basic findings of the trial court in all respects except the finding that an excess of force was used by Jones in self-defense. We find from the record that Jones struck plaintiff after he had twice tried to avoid a physical encounter and after he had been assaulted and threatened with further assault. He struck plaintiff with his fist in self-defense fracturing plaintiff's jaw. There is no credible evidence that Jones persisted in an attack after plaintiff was incapacitated. That the blow or blows in retaliation resulted in more serious injury than might have been sufficient to stall the attack is not the test of use of excessive force. One must know that what he does will be excessive — an intent to inflict unnecessary injury must be established. "Detached reflection cannot be demanded" of one facing a dangerous attack (*Brown* v. *United States*, 256 U. S. 335, 343). At least, he is not to be held liable in damages if he fails to anticipate the precise effect of a blow with the fist.

The judgment should be reversed and the complaint dismissed on the merits as to appellant, with costs to appellant.

Dore, J. P., Callahan, Breitel, Botein and Bergan, JJ., concur.

Judgment unanimously reversed as to the defendant Maryland Management Corporation, with costs to said defendant, and judgment is directed to be entered in favor of said defendant dismissing the complaint herein upon the merits, with costs.