■ MANUEL VARGAS, Appellant, v THE BEER GARDEN, INC., et al., Respondents, et al., Defendants. THE BEER GARDEN, INC., et al., Third-Party Plaintiffs-Respondents, v GSS SECURITY SERVICE, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendants. [791 NYS2d 521]—

Judgment, Supreme Court, New York County (Faviola A. Soto, J.), entered April 23, 2004, which, in an action against a nightclub for personal injuries sustained in an alleged assault committed by third-party defendant security guard, dismissed the complaint at the close of evidence, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered November 17, 2003, which directed the Clerk to enter judgment in favor of the nightclub, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

Under no reasonable view of the evidence could a jury find that the nightclub exercised sufficient control over the security guards on its premises to render it their special employer (see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557-558 [1991]). It does not avail plaintiff that the nightclub decided the number of guards needed on a particular night and where on its premises the guards should be posted at any given time, and also required that the guards not carry weapons and never fight back with patrons or people on the street and thereby could be said to have given them instructions relating to the manner in which they performed their work. The same instructions were also given to the guards by their general employer, third-party defendant security company, an independent contractor in the business of providing security guards to the hotel and entertainment industry, which retained exclusive control over the guards' hiring and firing, wages, work hours and work assignments (compare Urena v Pace Univ., 1 AD3d 208 [2003]). We have considered plaintiff's other arguments and find them unavailing. Concur—Saxe, J.P., Friedman, Williams and Sweeny, JJ.