■ LUIS VEGA, Respondent, v JASON RAMIREZ et al., Defendants, and ARK RESTAURANTS CORP., et al., Appellants. (And a Third-Party Action.) [871 NYS2d 6]—

No issues of fact are raised relating to whether the stabbing of plaintiff outside the nightclub was a foreseeable result of any security breach (*see Maheshwari v City of New York*, 2 NY3d 288, 294 [2004]). The stabbing ended a five-to-six-minute fight that started after 3:00 A.M. near the nightclub's exit door and quickly spilled outside where numerous other people became involved, including nonpatrons. There is no evidence of either prior similar incidents or possible threats of violence that night to which appellants were alerted, and indeed both plaintiff and his companion testified that the fight broke out suddenly and unexpectedly (*see id.*). By all accounts, the five or six security guards assigned to the nightclub that night were enough to deal with any form of disorderliness that could be reasonably expected (*see id.*), the magnitude and intensity of the fight quickly erupted beyond what that number could quell, and the guards acted appropriately to secure the premises and the patrons inside against the violence taking place just outside by locking the nightclub's doors and remaining inside. There is no

evidence that appellants were under a duty to police the outside of the premises and secure it against nonpatron transgressors, and it is speculation for plaintiff to argue that additional security guards would have prevented the escalation of a fight that involved too many people for plaintiff and his companions to number precisely (*see Stafford v 6 Crannel St.*, 304 AD2d 997, 999 [2003]). Even assuming a failure to provide reasonable security, any such failure was not a substantial cause of plaintiff's injuries. Plaintiff's own testimony established that he could have remained within the safety of the nightclub at the time the fight broke out and spilled outside, and that he considered such option because of the apparent intensity of the fighting and the overwhelming number of adversaries outside, yet he elected to go outside and join the fight. In so choosing, plaintiff severed any causal connection between the appellants' alleged negligence in providing reasonable security and his injuries (*see generally Turcotte v Fell*, 68 NY2d 432 [1986]). Concur—Friedman, J.P., McGuire, Acosta, DeGrasse and Freedman, JJ.