■ Taylor Fauntleroy, Appellant, v EMM Group Holdings LLC, Defendant, and Darin Hill et al., Respondents. [20 NYS3d 22]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 11, 2014, which granted the motions of defendants Darin Hill, All Season Protection of NY LLC d/b/a All Season Protection Services, Inc. (All Season), and Sutol Operating Company LLC (Sutol) for summary judgment dismissing plaintiff's complaint against them, unanimously reversed, on the law, without costs, and the motions denied.

Defendants' motions for summary judgment should have been denied in this action alleging that plaintiff sustained personal injuries in an altercation with defendant Hill, a

---

security guard employed by defendant All Season, at a nightclub operated by defendant Sutol. Hill's self-defense claim was not established as a matter of law. Issues of fact are presented regarding whether Hill was justified in punching plaintiff in the face in view of what occurred immediately preceding the punch, and as to whether Hill's response was excessive. The rule that "[d]etached reflection cannot be demanded" (*Dupre v Maryland Mgt. Corp.*, 283 App Div 701, 701 [1st Dept 1954] [internal quotation marks omitted]) does not preclude a possible finding that Hill's conduct was unjustified or excessive.

An employer may be vicariously liable for its employees' negligent or intentional tortious conduct (*see RJC Realty Holding Corp. v Republic Franklin Ins. Co.*, 2 NY3d 158, 164 [2004]; *Riviello v Waldron*, 47 NY2d 297, 304 [1979]), so long as the employees' acts were committed in furtherance of the employer's business (*see N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251 [2002]; *Adams v New York City Tr. Auth.*, 88 NY2d 116, 119 [1996]). When businesses hire security guards or bouncers to maintain order, the physical force used by those bouncers may be within the scope of their employment (*see Babikian v Nikki Midtown, LLC*, 60 AD3d 470, 471 [1st Dept 2009]). Here, plaintiff's claims against Sutol and All Season based on respondeat superior should not have been dismissed at this juncture, as the evidence shows that Hill was acting within the scope of his employment when he punched plaintiff.

Sutol's contract with All Season does not necessarily protect it against liability. In *Vargas v Beer Garden, Inc.* (15 AD3d 277, 278 [1st Dept 2005], *lv denied* 4 NY3d 710 [2005]), on which Sutol relies, the claim against the nightclub for an assault by a security guard was dismissed *at the close of evidence at trial*, on the ground that the evidence failed to establish that the nightclub exercised sufficient control over the security guards on its premises to render it their special employer. Here, the deposition testimony that the nightclub's managers exerted "full control" over the security guards creates an issue that must await trial, regarding whether Sutol exercised the requisite degree of control over the security guards to be liable for Hill's actions.

Determination of plaintiff's remaining claim for negligent training should similarly await the presentation of evidence at trial. Concur—Mazzarelli, J.P., Renwick, Saxe and Moskowitz, JJ.