■ ERIC JONES, Appellant, v HIRO COCKTAIL LOUNGE et al., Respondents, et al., Defendant. B.D. STANHOPE LLC, Doing Business as HIRO LOUNGE, and Another, et al., Third-Party Plaintiffs-Respondents, v N.E.C. SECURITY CONSULTANTS, INC., Third-Party Defendant-Respondent. [32 NYS3d 156]—

Judgment, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered April 1, 2014, upon defendants' (collectively, Hiro) motion for a directed verdict at the close of plaintiff's evidence on liability, dismissing the complaint and the third-party complaint, unanimously reversed, on the law, without costs, the judgment vacated, the complaint and third-party complaint reinstated, the motion for a directed verdict denied as to the vicarious liability claim, and the matter remanded for a new trial on that claim.

At trial, plaintiff testified that the man who assaulted him at Hiro's nightclub was dressed in the same manner as other security guards at the front of the nightclub, that he was posted in an entrance hallway near a cash register, and that he instructed plaintiff to pay an entrance fee. When plaintiff questioned the man, the man punched him, shattering his jaw. Plaintiff's companion that night, Hernan Santiago, also testified that he believed that the man in the hallway was a security guard because he was dressed in the same manner as other security guards at the front of the nightclub, wearing all black and an earpiece.

Plaintiff read into evidence deposition testimony of Simon Hogue, of third-party defendant N.E.C. Security Consultants, Inc. (NEC), which provided security guards to Hiro, that Hiro's manager supervised the NEC security guards on nights when he was not there and that Hiro's manager was there on the night in question. Plaintiff also read into evidence deposition testimony of Maurice Rodrigues, Hiro's director of operations,

that, on the night in question, two Hiro employees were checking identification in the entrance hallway where plaintiff was punched.

The trial court erred in granting Hiro's motion for a directed verdict, since there is evidence to support a reasonable jury's finding that plaintiff's assailant was a Hiro employee or an NEC employee who was supervised by Hiro, for whose acts Hiro could have been found liable upon the theory of respondeat superior (*N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251 [2002]; *Fauntleroy v EMM Group Holdings LLC*, 133 AD3d 452, 453 [1st Dept 2015]). An attack on plaintiff by a security guard could be found to be within the scope of the guard's employment (*see Fauntleroy v EMM Group Holdings LLC*, 133 AD3d at 453; *Jaccarino v Supermarkets Gen. Corp.*, 252 AD2d 572 [2d Dept 1998]). Plaintiff's inability to identify his assailant, who left after the incident, does not preclude him from recovery (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 551 [1998]).

Plaintiff did not submit any evidence to support his claim of negligent supervision. Since the assailant was not identified, plaintiff could not demonstrate that Hiro or NEC knew of the assailant's propensity to commit such attacks (*N. X. v Cabrini Med. Ctr.*, 280 AD2d 34, 42 [1st Dept 2001], *mod on other grounds* 97 NY2d 247 [2002]; *see also Vicuna v Empire Today, LLC*, 128 AD3d 578 [1st Dept 2015]). Nor did plaintiff present any evidence that could reasonably support a finding of premises liability, since he did not demonstrate that the same or similar criminal activity had ever before occurred at the nightclub (*Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980]; *Maria T. v New York Holding Co. Assoc.*, 52 AD3d 356 [1st Dept 2008], *lv denied* 11 NY3d 708 [2008]).

The evidence does not support plaintiff's contention that Hiro's security procedures are implicated in the attack on him; in any event, plaintiff did not demonstrate that Hiro failed to comply with its own rules. Concur—Friedman, J.P., Acosta, Saxe, Gische and Webber, JJ.