■ JOSEPH COOK, Respondent, v SUPREME SYSTEMS, INC., Appellant. JOSEPH COOK, Respondent, v SUPREME BUILDING MESSENGERS, INC., Appellant, et al., Defendants. [44 NYS3d 746]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered January 8, 2016, which, to the extent appealed from, denied the motion of defendants Supreme Systems, Inc. (Supreme) and Supreme Building Messengers, Inc., for summary judgment dismissing the complaint as against Supreme, unanimously affirmed, without costs.

Plaintiff testified at his deposition that he was injured when he was struck by a bicyclist carrying a messenger bag with the word "Supreme" on it, and who told plaintiff that he worked "there," while pointing toward the building where Supreme has its offices. In support of the motion for summary judgment, defendants submitted the testimony of Supreme's employee and of plaintiff. While Supreme's employee testified that his investigation determined that none of Supreme's employees could have been the bicyclist involved in the accident based on their physical appearances and whereabouts at the time of the accident, his testimony did not foreclose the possibility that one of the messengers was the one described by plaintiff and

had returned to the office during the day between deliveries. Furthermore, plaintiff's testimony provides sufficient circumstantial evidence to permit a jury to rationally infer that the unidentified bicyclist was an employee of Supreme and acting within the scope of his employment at the time of the accident (*see Jones v Hiro Cocktail Lounge*, 139 AD3d 608 [1st Dept 2016]; *Uttaro v Staten Is. Univ. Hosp.*, 77 AD3d 916 [2d Dept 2010]).

Defendants waived any hearsay objection to plaintiff's testimony when they submitted it in support of their motion without limitation (*see Shinn v Catanzaro*, 1 AD3d 195, 198 [1st Dept 2003]). Any inconsistencies in plaintiff's description of the messenger bag go to his credibility, which is an issue for the jury to resolve (*see generally Pena v Penny Lane Realty Inc.*, 129 AD3d 441, 442 [1st Dept 2015]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Feinman, Gische and Kahn, JJ.