Gregory v National Amusements, Inc. (2020 NY Slip Op 00223)





Gregory v National Amusements, Inc.


2020 NY Slip Op 00223


Decided on January 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2020

Richter, J.P., Gische, Gesmer, Kern, González, JJ.


303405/10 - 10755 10754

[*1] Karima Gregory, et al., Plaintiffs-Respondents-Appellants,
v
National Amusements, Inc. doing business as Whitestone Multiplex Cinemas, et al., Defendants, Safe Environment Business Solutions, Inc. Defendant-Appellant-Respondent.


Furman Kornfeld & Brennan LLP, New York (Tracy S. Katz of counsel), for appellant-respondent.
Fred Lichtmacher, New York, for respondents-appellants.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about October 26, 2018, which denied defendant Safe Environment Business Solutions, Inc.'s (SEB) motion for summary judgment dismissing the complaint as against it, and order, same court and Justice, entered on or about April 8, 2019, which granted SEB's motion for reargument and, upon reargument, granted its motion for summary judgment to the extent of dismissing plaintiff Little's claims against it, unanimously modified, on the law, to grant SEB's motion to the extent of dismissing plaintiff Gregory's claims against it, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against SEB.
Contrary to plaintiffs' contention that the motion court should not have granted SEB's motion for reargument because it had not overlooked any facts in determining the prior motion (CPLR 2221[d][2]), the court implicitly found that it had overlooked matters of either fact or law in addressing the substance of defendant's original argument and determining that it should have dismissed plaintiff Little's claims.
Plaintiff Gregory testified that SEB's employee, a security guard who was then working at a movie theater, attacked her with a box cutter and slashed her face and body with it after she tapped him on the shoulder and told him she had enjoyed the movie she had just seen. The security guard gave a different version of events and claimed that he was acting in self defense after plaintiffs and others attacked him with box cutters. However, neither version of events would give rise to liability on the part of SEB. Under plaintiff's version of events, SEB could not be held liable because SEB's employee's unprovoked assault on Gregory with a box cutter was not within the scope of any duties he may have had as a security guard and was not done in furtherance of SEB's business interests (see Wallace v Gomez, 296 AD2d 306, 307 [1st Dept 2002]; cf. Fauntleroy v EMM Group Holdings LLC, 133 AD3d 452 [1st Dept 2015] [reinstating claims based on respondeat superior where the record showed that a bouncer hired to maintain order was acting within the scope of his employment when he punched the plaintiff]). Under the security guard's version of events, even assuming for purposes of this appeal that his actions [*2]were within the scope of his duties as a security guard and were done in furtherance of SEB's business interests, SEB would not be held liable because the security guard's actions were taken in self-defense after being attacked by patrons of the movie theater.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2020
CLERK