Gehrke v Mustang Sally's Spirits & Grill, Inc. (2020 NY Slip Op 00741)





Gehrke v Mustang Sally's Spirits & Grill, Inc.


2020 NY Slip Op 00741


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


920 CA 19-00375

[*1]KYLE GEHRKE, PLAINTIFF-RESPONDENT-APPELLANT,
v
MUSTANG SALLY'S SPIRITS AND GRILL, INC., DOING BUSINESS AS TIFFANY'S CABARET, AND SEVENTEEN HUNDRED PROPERTIES, INC., DEFENDANTS-APPELLANTS-RESPONDENTS. 






WALSH, ROBERTS & GRACE, BUFFALO (KEITH N. BOND OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
VANDETTE PENBERTHY LLP, BUFFALO (VINCENT PARLATO OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered December 21, 2018. The order denied the motion of defendants for summary judgment and denied in part the cross motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the cross motion with respect to defendants' duty of care, and granting the motion and dismissing the amended complaint, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained during an arm wrestling competition that he initiated with one of defendants' employees while the two were at a strip club owned by defendants. In the amended complaint, plaintiff asserted a cause of action for negligence based on the theories of respondeat superior and premises liability. Defendants thereafter moved for summary judgment dismissing the amended complaint on the grounds that, inter alia, the employee was acting outside the scope of his employment at the time of the incident and defendants did not owe plaintiff a duty of care under the theory of premises liability. Plaintiff cross-moved for, among other things, summary judgment on the issue of liability. Defendants appeal and plaintiff cross-appeals from an order that, inter alia, denied defendants' motion and granted that part of plaintiff's cross motion with respect to the issue of defendants' duty of care to plaintiff under the theory of premises liability. We modify the order by denying plaintiff's cross motion with respect to defendants' duty of care to plaintiff, granting defendants' motion, and dismissing the amended complaint.
Defendants contend on their appeal that Supreme Court erred in denying their motion with respect to plaintiff's respondeat superior claim. We agree, and therefore we also reject plaintiff's contention on his cross appeal that he was entitled to summary judgment with respect to liability under that theory.
Although it is generally a question for the jury whether an employee is acting within the scope of employment (see Riviello v Waldron, 47 NY2d 297, 303 [1979]; Carlson v Porter [appeal No. 2], 53 AD3d 1129, 1131-1132 [4th Dept 2008], lv denied 11 NY3d 708 [2008]), an employer is not liable as a matter of law under the theory of respondeat superior "if the employee was acting solely for personal motives unrelated to the furtherance of the employer's business' " (Mazzarella v Syracuse Diocese [appeal No. 2], 100 AD3d 1384, 1385 [4th Dept 2012]). Here, we conclude that defendants met their initial burden on the motion by establishing that the employee's act of arm wrestling plaintiff was not within the scope of his employment and that plaintiff failed to raise a triable issue of fact in response (see generally Zuckerman v City of New [*2]York, 49 NY2d 557, 562 [1980]). The uncontroverted evidence submitted by defendants demonstrated that, although the employee had various responsibilities at the club, he was not required to entertain the club's patrons, and he arm wrestled plaintiff out of personal motives unrelated to any of his job responsibilities (see Mazzarella, 100 AD3d at 1385; Burlarley v
Wal-Mart Stores, Inc., 75 AD3d 955, 956 [3d Dept 2010]). Indeed, that evidence demonstrated that the club did not sponsor or sanction arm wrestling competitions on the premises and that neither plaintiff nor the employee had heard of anyone arm wrestling at the club prior to the incident. Moreover, although "it is not necessary that the precise type of injury caused by the employee's act be foreseeable" (Dykes v McRoberts Protective Agency, 256 AD2d 2, 3 [1st Dept 1998]; see Riviello, 47 NY2d at 304), here the arm wrestling contest was not reasonably foreseeable because nothing about the impromptu contest was a natural incident of the employee's job duties (see Riviello, 47 NY2d at 304; cf. Sims v Bergamo, 3 NY2d 531, 534-535 [1957]; Salem v MacDougal Rest., Inc., 148 AD3d 501, 502 [1st Dept 2017]; Jones v Hiro Cocktail Lounge, 139 AD3d 608, 609 [1st Dept 2016]).
We likewise agree with defendants on their appeal that the court erred in denying their motion and in granting plaintiff's cross motion with respect to his claim that defendants owed him a duty of care under a theory of premises liability (see Stribing v Bill Gray's Inc., 166 AD3d 1503, 1505 [4th Dept 2018]).
In light of our determination, defendants' remaining contention is academic.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court