Lois v Flintlock Constr. Servs., LLC (2022 NY Slip Op 00816)





Lois v Flintlock Constr. Servs., LLC


2022 NY Slip Op 00816


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Renwick, J.P., Mazzarelli, Friedman, Singh, Pitt, JJ. 


Index No. 304208/09E Appeal No. 15247 Case No. 2021-01793 

[*1]Jorge Lois, Plaintiff-Appellant,
v
Flintlock Construction Services, LLC, et al., Defendants-Respondents.
Flintlock Construction Services, LLC, et al., Third-Party Plaintiffs-Respondents,
v
J&R Glassworks, Inc., Third-Party Defendant-Respondent.


Law Office of Ephrem J. Wertenteil, New York (Ephrem J. Wertenteil of counsel), for appellant.
Cascone & Kluepfel, LLP, Farmingdale (David F. Kluepfel of counsel), for Flintlock Construction Services, LLC and Bass Associates, LLC, respondents.
Correia, Conway & Stiefeld, White Plains (Michael G. Conway of counsel), for J&R Glassworks, Inc., respondent.



Judgment, Supreme Court, Bronx County (Fernando Tapia, J.), entered November 9, 2020, upon a jury verdict in favor of defendants, dismissing the complaint, unanimously affirmed, without costs.
The trial court properly denied plaintiff's belated, mid-trial motion to redact portions of the medical records admitted into evidence, as plaintiff waived his hearsay objections to information contained in the "history" portion of a July 27, 2007 emergency room record that described how his knee was injured, when he presented the record along with a full set of medical records that addressed his claimed knee ailments and thereafter relied upon those documents to support his case (see Cook v Supreme Sys. Inc., 146 AD3d 602, 603 [1st Dept 2017]; Khaimov v City of New York,199 AD3d 455, 456 [1st Dept 2021]).
Plaintiff argues that, having directed defense counsel to "[s]tay away from [the word] yesterday," the court committed fundamental error in permitting counsel to persist in saying "yesterday," a word that appeared in the subject record's history section indicating that plaintiff had said he had had knee pain since the day before his accident. As plaintiff failed to object to defendants' statements in summation or to seek curative instructions or move for a mistrial prior to the verdict, this argument is unavailing (see Bermingham v Atlantic Concrete Cutting, 159 AD3d 634, 635 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2022