**Doren v Allstar Sec. & Consulting, Inc.**

2025 NY Slip Op 31580(U)

May 2, 2025

Supreme Court, New York County

Docket Number: Index No. 152450/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**

*Justice*

PART 33M

------------------------------------------------------------X

CHRISTOPHER DOREN,

Plaintiff,

- v -

ALLSTAR SECURITY & CONSULTING, INC.,53-55 WEST 21ST OWNER, LLC,NEW LOUNGE 4324 LLC,D/B/A BOUNCE SPORTING CLUB, JOHN DOE 1, JOHN DOE 2 (SAID NAMES BEING FICTITIOUS TO REPRESENT UNKNOWN SECURITY GUARDS WORKING AT THE PREMISES ON DATE OF INCIDENT),

Defendant.

------------------------------------------------------------X

INDEX NO. 152450/2021

MOTION DATE 05/15/2024

MOTION SEQ. NO. 002

**DECISION + ORDER ON MOTION**

NEW LOUNGE 4324 LLC, D/B/A BOUNCE SPORTING CLUB

Plaintiff,

-against-

JACOB O'BRIEN

Defendant.

------------------------------------------------------------X

Third-Party
Index No. 595940/2022

The following e-filed documents, listed by NYSCEF document number (Motion 002) 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 123, 124, 125, 126, 127, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 145, 153, 155, 156, 157

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

Upon the foregoing documents, and after oral argument, which took place on February 25, 2025, where Andrew Dellaripa, Esq. appeared for Plaintiff Christopher Doren ("Plaintiff"), Alex Rabhan, Esq. appeared for Defendant New Lounge 4324 LLC d/b/a Bounce Sporting Club ("Bounce"), and Lisa R. Kramer, Esq. appeared for Defendants Allstar Security & Consulting, Inc. ("Allstar") and 53-55 West 21st Owner LLC ("Owner"), Bounce's motion for summary judgment

**152450/2021 DOREN, CHRISTOPHER vs. ALLSTAR SECURITY &**
**Motion No. 002**

**Page 1 of 5**

1 of 5

dismissing Plaintiff's claims and all crossclaims asserted against it, and seeking summary judgment on its crossclaims asserted against Allstar is granted in part and denied in part.

## I. Background

On October 19, 2019, Plaintiff was visiting the bar known as Bounce at 55 West 21st Street, New York, New York (the "Premises"). Security at the Premises is outsourced to Allstar (NYSCEF Doc. 87 at 15). Prior to visiting Bounce, Plaintiff consumed four or five beers, and continued drinking upon arrival to Bounce (NYSCEF Doc. 78 at 13; 16). Plaintiff testified within five to ten minutes of entering, he got into a verbal altercation and a bouncer escorted Plaintiff out (*Id.* at 17-19; 95). Plaintiff tried to reenter Bounce but was not allowed (*Id.* at 21). Plaintiff's friend, Matt, was also ejected because he was too intoxicated. Plaintiff himself admitted he "was a little drunk." (*Id.* at 22-23).

While outside, Matt got involved in an altercation with a stranger, later identified as third-party defendant Jacob O'Brien ("Jacob"). Plaintiff, Matt, and Jacob moved down the block, away from Bounce, and fought (NYSCEF Doc. 78. at 130). The fight happened off Premises (NYSCEF Doc. 87 at 113). Plaintiff sues Defendants for injuries sustained due to the Defendants' alleged negligence and against Bounce for an alleged violation of New York Alcoholic Beverage Control Law § 65 and New York General Obligation Law § 11-101. Bounce moves for summary judgment dismissing Plaintiff's Complaint and Allstar's crossclaims.

## II. Discussion

### A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and

**152450/2021 DOREN, CHRISTOPHER vs. ALLSTAR SECURITY &**
**Motion No. 002**

Page 2 of 5

on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

## B. Plaintiff's Claims against Bounce

### i.    Negligent Hiring/Supervision/Retention

Bounce's motion for summary judgment dismissing Plaintiff's Complaint against it is granted. A cause of action for negligent supervision, hiring or retention requires "that the employer knew, or should have known, of the employee's propensity for the sort of conduct which caused the injury." (*Norris v Innovative Health Systems, Inc.*, 184 AD3d 471, 472 [1st Dept 2020] quoting *Sheila C. v Povich*, 11 AD3d 120, 129-130 [1st Dept 2004]). Moreover, it must be shown that "the tortfeasor and the defendant were in an employee employer relationship" (*Trump v Trump*, 79 Misc.3d 866, 886 [Sup. Ct., NY Cty. 2023] quoting *Ehrens v Lutheran Church*, 385 F3d 232, 235 [2d Cir. 2004]). The individuals overseeing security at Bounce when Plaintiff was injured were independent contractors hired, trained, retained, and supervised by Allstar, not Bounce. Thus, there is no employee-employer relationship through which Bounce may be held liable for negligent supervision, hiring, and retention of an Allstar security guard. Moreover, there is no evidence that Bounce knew or should have known of the alleged "dangerous propensity" – namely Allstar's employees' decision not to intervene in an off-premises fight. Therefore, this claim is dismissed.

### ii.    General Negligence

Plaintiff's general negligence claim against Bounce is dismissed. The record is devoid of evidence showing Bounce exercised sufficient control over Allstar employees to render them liable

**152450/2021  DOREN, CHRISTOPHER vs. ALLSTAR SECURITY &**
**Motion No.  002**

**Page 3 of 5**

3 of 5

[* 3]

for the acts of its independent contractor (*Vargas v Beer Garden, Inc.*, 15 AD3d 277, 278 [1st Dept 2005]). Indeed, by Plaintiff's own admission, he consumed four or five beers prior to entering Bounce and was escorted out of Bounce within five to ten minutes because he was engaged in a verbal altercation. After being expelled from Bounce, he was never allowed back in, and he was ultimately hurt in a fight with a random third-party, who was not a patron of Bounce, on the sidewalk some distance from Bounce's property (*see also Mitchell v Just Lorraine's Place, LLC*, 214 AD3d 538, 538 [1st Dept 2023]; *Murphy v Chaos*, 26 AD3d 231, 231 [1st Dept 2006]). Therefore, the general negligence claim against Bounce is dismissed (*see also Fambro v City of New York*, 205 AD3d 608, 609 [1st Dept 2022]; *McLaughlan v BR Guest, Inc.*, 149 AD3d 519 [1st Dept 2017]). To the extent Plaintiff's expert affidavit avers otherwise, Plaintiff's expert's opinion is contrary to the plethora of First Department precedent cited, is speculative, conclusory, and not based on facts in evidence.

> **iii.**      **Alcoholic Beverage Control Law § 65 and General Obligation Law § 11-101**

Plaintiff failed to oppose dismissal of his Alcoholic Beverage Control Law § 65 and General Obligation Law § 11-101 claims against Bounce. Therefore, they are dismissed as abandoned (*see, e.g. Saidin v Negron*, 136 AD3d 458, 459 [1st Dept 2016]).

**C. Crossclaims**

To the extent Bounce seeks summary judgment on its crossclaims against Allstar and Owner, that motion is denied. Plaintiff's notice of motion sought only dismissal of Plaintiff's Complaint, and any crossclaims asserted against Bounce (NYSCEF Doc. 69), it did not request summary judgment on its crossclaims against Allstar and Owner. Although Bounce argued in its motion papers for summary judgment on its contractual indemnification claims, this relief was not requested in the notice of motion, which warrants denial (*Onofre v 243 Riverside Drive Corp.*, 232

**152450/2021 DOREN, CHRISTOPHER vs. ALLSTAR SECURITY &**
**Motion No. 002**

Page 4 of 5

4 of 5

AD3d 443 [1st Dept 2024]; *Abizadeh v Abizadeh,* 159 AD3d 856 [2d Dept 2018]; *Arriaga v Michael Laub Co.,* 233 AD2d 244, 245 [1st Dept 1996]). Bounce filed an "amended" notice of motion almost four months after its original notice of motion (*see* NYSCEF Doc. 155) and after opposition to its motion in chief was already submitted (*see* NYSCEF Doc. 134). Thus, consideration of the amended notice of motion would be improper. To the extent that Allstar and Owner made crossclaims against Bounce, those claims are dismissed. As Plaintiff's Complaint against Bounce is dismissed these claims are no longer viable.

Accordingly, it is hereby,

ORDERED that Defendant Bounce's motion for summary judgment is granted in part; and it is further

ORDERED that Defendant Bounce's motion for summary judgment is granted to the extent that Plaintiff's Complaint and Defendant Allstar and Defendant Owner's crossclaims against Defendant Bounce are hereby dismissed; and it is further

ORDERED that Defendant Bounce's motion for summary judgment on its crossclaims against Defendant Allstar and Defendant Owner is denied; and it is further

ORDERED that within ten days of entry, counsel for Defendant Bounce shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 5/2/2025 | | | | | | *May V Roac* JSC | |
|---|---|---|---|---|---|---|---|
| DATE | | | | | | HON. MARY V. ROSADO, J.S.C. | |

| CHECK ONE: | x | CASE DISPOSED | | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | x | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**152450/2021  DOREN, CHRISTOPHER vs. ALLSTAR SECURITY &**
**Motion No.  002**

Page 5 of 5

5 of 5