**Doren v Allstar Sec. & Consultiing, Inc.**

2025 NY Slip Op 31579(U)

May 2, 2025

Supreme Court, New York County

Docket Number: Index No. 152450/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. MARY V. ROSADO**   PART   **33M**

*Justice*

-----------------------------------------------------------------X

CHRISTOPHER DOREN,

                  Plaintiff,

- v -

ALLSTAR SECURITY & CONSULTING, INC.,53-55 WEST
21ST OWNER, LLC,NEW LOUNGE 4324 LLC,D/B/A
BOUNCE SPORTING CLUB, JOHN DOE 1, JOHN DOE 2
(SAID NAMES BEING FICTITIOUS TO REPRESENT
UNKNOWN SECURITY GUARDS WORKING AT THE
PREMISES ON DATE OF INCIDENT),

                  Defendant.

-------------------------------------------------------------X

NEW LOUNGE 4324 LLC, D/B/A BOUNCE SPORTING CLUB

                  Plaintiff,

-against-

JACOB O'BRIEN

                  Defendant.

-------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152450/2021 |
| MOTION DATE | 07/29/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No.  595940/2022

The following e-filed documents, listed by NYSCEF document number (Motion 003) 94, 95, 96, 97, 98,
99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119,
120, 121, 122, 128, 129, 130, 131, 132, 133, 144, 146, 147, 148, 149, 150, 151, 152, 154, 158, 159, 160,
161

were read on this motion to/for                   JUDGMENT - SUMMARY      .

Upon the foregoing documents, and after oral argument, which took place on February 25,

2025, where Andrew Dellaripa, Esq. appeared for Plaintiff Christopher Doren ("Plaintiff"), Alex

Rabhan, Esq. appeared for Defendant New Lounge 4324 LLC d/b/a Bounce Sporting Club

("Bounce"), and Lisa R. Kramer, Esq. appeared for Defendants Allstar Security & Consulting, Inc.

("Allstar") and 53-55 West 21st Owner LLC ("Owner"), Allstar and Owner's motion for summary

judgment dismissing Plaintiff's claims and all crossclaims asserted against it is granted.

152450/2021   DOREN, CHRISTOPHER vs. ALLSTAR SECURITY &
Motion No.  003

Page 1 of 5

## I.  Background

On October 19, 2019, Plaintiff was visiting the bar known as Bounce at 55 West 21st Street, New York, New York (the "Premises"). Security at the Premises is outsourced to Allstar (NYSCEF Doc. 87 at 15). Prior to visiting Bounce, Plaintiff consumed four or five beers, and continued drinking upon arrival to Bounce (NYSCEF Doc. 78 at 13; 16). Plaintiff testified within five to ten minutes of entering, he got into a verbal altercation and a bouncer escorted Plaintiff out (*Id.* at 17-19; 95). Plaintiff tried to reenter Bounce but was not allowed (*Id.* at 21). Plaintiff's friend, Matt, was also ejected because he was too intoxicated. Plaintiff himself admitted he "was a little drunk." (*Id.* at 22-23).

While outside, Matt got involved in an altercation with a stranger, later identified as third-party defendant Jacob O'Brien ("Jacob"). Plaintiff, Matt, and Jacob moved down the block, away from Bounce, and fought (NYSCEF Doc. 78. at 130). The fight happened off Premises (NYSCEF Doc. 87 at 113). Plaintiff sues Defendants for injuries sustained due to the Defendants' alleged negligence. In Motion Seq. 002, this Court granted Bounce's motion for summary judgment dismissing Plaintiff's Complaint and all crossclaims asserted against it. Here, Defendants Allstar and Owner move for summary judgment dismissing Plaintiff's Complaint and Bounce's crossclaims.

## II.  Discussion

### A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-

152450/2021  DOREN, CHRISTOPHER vs. ALLSTAR SECURITY &
Motion No. 003

Page 2 of 5

2 of 5

moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

## B. Plaintiff's Claims

Allstar and Owner's motion for summary judgment dismissing Plaintiff's Complaint against it is granted. As a preliminary matter, no party argues against the branch of the motion granting Owner summary judgment dismissing the claims asserted against it, therefore, Plaintiff's Complaint and all crossclaims asserted against Owner is granted without opposition and abandoned (*see, e.g. Saidin v Negron*, 136 AD3d 458, 459 [1st Dept 2016]).

Plaintiff's claims against Allstar are without merit because the uncontroverted testimony shows that Plaintiff, who was intoxicated, was ejected quickly from Bounce, and refused re-entry, continued his rowdiness on the public sidewalk with his overly intoxicated friend, when he was hurt during a fight with third-party stranger Jacob O'Brien away from the Premises (*see, e.g. Carreras v Morrisania Towers Housing Co. Ltd. Partnership*, 107 AD3d 618, 621 [1st Dept 2013] ["plaintiff's willing participation in fight negates any negligence committed by defendant with a duty to provide security"] citing *Vega v Ramirez*, 57 AD3d 299 [1st Dept 2008]). Plaintiff and Matt's involvement in a fight off-premises with an individual not affiliated with any of the named defendants "severed any causal connection between defendant's alleged negligence in providing reasonable security and his injuries" (*Hernandez v Bronx-Lebanon Hosp. Cent.*, 176 AD3d 631 [1st Dept 2019]).

Nor is there sufficient evidence to raise a triable issue of fact regarding whether Defendants should have foreseen that the third-party defendant, Jacob O'Brien, who was not a patron and was

**152450/2021   DOREN, CHRISTOPHER vs. ALLSTAR SECURITY &**
**Motion No.  003**

**Page 3 of 5**

3 of 5

[* 3]

unaffiliated with any of the Defendants, would spontaneously begin fighting with Plaintiff and his friend some distance away from the Premises (*Giambruno v Crazy Donkey Bar and Grill*, 65 AD3d 1190, 1192 [2d Dept 2009]). To the extent Plaintiff's expert affidavit avers otherwise, Plaintiff's expert's opinion is contrary to the plethora of First Department precedent cited, is speculative, conclusory, and not based on facts in evidence. Therefore, the general negligence claim against Allstar is dismissed (*see also Mitchell v Just Lorraine's Place*, LLC, 214 AD3d 538, 538 [1st Dept 2023]; *Del Bourgo v 138 Sidelines Corp.*, 208 AD2d 795 [2d Dept 1994]).

Likewise, the negligent supervision, hiring, and retention claim must be dismissed as there is no evidence of an alleged dangerous propensity, as it was not an Allstar employee who was involved in the assault, but a stranger from the street. Assuming, *arguendo*, that the alleged dangerous propensity was an Allstar employee's propensity to not intervene in off-premises fights, the record is devoid of any evidence that Allstar knew or should have known of this alleged propensity (*see generally Jones v Hiro Cocktail Lounge*, 139 AD3d 608, 609 [1st Dept 2016] citing *Vicuna v Empire Today, LLC*, 128 AD3d 578, 578 [1st Dept 2015]). Thus, Plaintiff's Complaint against Allstar is dismissed.

### C. Bounce's Crossclaims

As Plaintiff's Complaint has been dismissed against Bounce and Allstar, the crossclaims asserted by Bounce against Allstar, which are predicated on a finding of liability against Allstar, must also be dismissed. Therefore, Allstar's motion for summary judgment dismissing Bounce's crossclaims asserted against it is granted.

*[The remainder of this page is intentionally left blank.]*

**152450/2021 DOREN, CHRISTOPHER vs. ALLSTAR SECURITY &**
**Motion No. 003**

**Page 4 of 5**

4 of 5

Accordingly, it is hereby,

ORDERED that Defendants Allstar and Owner's motion for summary judgment is granted in its entirety, and Plaintiff's Complaint and all crossclaims asserted against them are hereby dismissed; and it is further

ORDERED that within ten days of entry, counsel for Defendants Allstar and Owner shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 5/2/2025 | | | _Mary V Rosado JSC_ | | |
|---|---|---|---|---|---|
| **DATE** | | | **HON. MARY V. ROSADO, J.S.C.** | | |
| **CHECK ONE:** | x | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | x | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**152450/2021   DOREN, CHRISTOPHER vs. ALLSTAR SECURITY &**
**Motion No.  003**

**Page 5 of 5**

5 of 5