Cárdenas v Walgreens (2026 NY Slip Op 01451)

C rdenas v Walgreens

2026 NY Slip Op 01451

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Chan, Hagler, JJ. 

Index No. 2025-06713|Appeal No. 6102|Case No. 100928/24|

[*1]Jerel CÁrdenas, Plaintiff-Respondent,
vWalgreens, Defendant-Appellant.

Giordano, Glaws, Fenstermacher & Nash, LLP, New York (Xinyne Yu of counsel), for appellant.
Jerel CÁrdenas, respondent pro se.

Order, Supreme Court, New York County (Ashlee Crawford, J.), entered on or about September 18, 2025, which, to the extent appealed from, denied defendant's cross-motion to dismiss the complaint, unanimously affirmed, with costs.
Plaintiff's allegations that defendant owed him a duty to keep him safe while on its premises; that defendant breached this duty by removing safety measures such as armed security guards; and that defendant's breach of duty caused plaintiff's injuries when he came to the rescue of defendant's security guard who was being stabbed by an assailant, stated a claim under the "rescue doctrine" (see Leonard v City of New York, 216 AD3d 51, 54 [1st Dept 2023]). We are required to accept these allegations as true and accord plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Defendant's invocation of the primary assumption of risk doctrine is a fact-specific inquiry better suited to summary judgment than a motion to dismiss based only on the pleading (see Vega v Ramirez, 57 AD3d 299, 300 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026